**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ABERCROMBIE & FITCH STORES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BROAN-NUTONE, LLC, )<br>)<br>Defendant. ) | Case No. CIV-11-450-M |

### ORDER

This case is scheduled for trial on the Court's December 2012 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed October 19, 2012. On November 13, 2012, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

### I. Introduction

On June 19, 2009, a fire occurred at the Hot Topic store located within the Sooner Fashion Mall in Norman, Oklahoma. Plaintiff's store is adjacent to the Hot Topic store. Plaintiff alleges that the fire resulted in damage to property in plaintiff's store.

Plaintiff contends that the fire was caused by a bathroom exhaust fan/ceiling light, Model 668RP, manufactured by defendant. Plaintiff has brought claims against defendant for products liability and negligence. Defendant has now moved for summary judgment in its favor.

### II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

   A.   Products Liability Claim

To prevail on a products liability claim, a plaintiff must establish the following three elements: (1) that the product was the cause of the injury; (2) that the defect existed in the product at the time it left the manufacturer, retailer, or supplier's possession and control; and (3) that the defect made the product unreasonably dangerous to him or his property. *See Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974). Defendant asserts that there is insufficient evidence of both causation and defect.

Regarding causation, the Oklahoma Supreme Court has held that "[a] manufacturer's products liability plaintiff need not exclude all other possible conclusions. However, the mere possibility that a defect caused the injury is not sufficient." *Dutsch v. Sea Ray Boats, Inc.*, 845 P.2d

2

187, 191 (Okla. 1992). The Oklahoma Supreme Court has further held that the mere happening of an accident does not raise any presumption of defectiveness in the product involved in the accident. *Kirkland*, 521 P.2d at 1363. Additionally, "[p]roper expert opinion of the defect and its existence at time of injury may suffice, but expert opinion should not evade the factual determination of the proofs . . . to be borne by the Plaintiff." *Id.* Finally,

> [t]he practicing lawyer identified with the Plaintiff will seldom be able to produce actual or absolute proof of the defect so necessary in manufacturers' products liability since this information in the final analysis is usually within the peculiar possession of the Defendant. Carefully prepared interrogatories or depositions may be helpful to a Plaintiff, but more than likely Plaintiff may be forced to rely on circumstances and proper inferences drawn therefrom in making his proof. We note that in some accidents the surrounding circumstances and human experience should make Plaintiff's burden less arduous; he may be able to sustain his burden, but more than likely if the Defendant is a manufacturer or assembler of some highly complex product such as an automobile, human experience will play little or no part in reducing his burden, and he will be relying upon the inference drawn from circumstantial evidence.

*Id.* at 1363-64.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that unresolved issues of material fact exist in this case which prevents summary judgment. Specifically, the Court finds that plaintiff has submitted sufficient evidence, through the testimony of Norman Fire Inspector David Randolph and plaintiff's expert Dave Hallman, as well as the inferences that can be drawn from the circumstantial evidence presented, to create a genuine issue of material fact as to whether the exhaust fan was the cause of the fire. The Court further finds that plaintiff has submitted sufficient evidence, through the testimony of Mr. Hallman and the inferences that can be drawn from the circumstantial evidence

presented, to create a genuine issue of material fact as to whether a defect existed in the exhaust fan at the time it left defendant's possession and control.

However, the Court finds that summary judgment should be granted as to any failure to warn claim asserted by plaintiff. "The failure to adequately warn of known potential risk renders a product defective; however, the plaintiff must establish that the failure to warn caused the injury." *Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1332 (10th Cir. 1996) (internal citations omitted). Plaintiff has presented absolutely no evidence regarding inadequate warnings in this case and no evidence that any failure to warn caused the fire.

Accordingly, the Court finds summary judgment should be granted as to plaintiff's failure to warn claim but should be denied as to plaintiff's remaining products liability claim.

B.    Negligence Claim

To prevail on a negligence claim, a plaintiff must establish the following three elements: "1) a duty on the part of the defendant to protect the plaintiff from injury; 2) the failure of the defendant to perform that duty; and 3) injury to the plaintiff resulting from such failure." *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 775 (Okla. 1988). Defendant asserts that plaintiff has produced absolutely no evidence that defendant breached any duty or that plaintiff's injury was the result of some breach of duty to protect plaintiff from injury. Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has presented sufficient evidence to create a disputed issue as to whether defendant breached its duty to protect plaintiff from injury and as to whether plaintiff's injury was the result of said breach.

Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's negligence claim.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Summary Judgment [docket no. 66] as follows:

(A) The Court GRANTS defendant's motion for summary judgment as to plaintiff's failure to warn claim, and

(B) The Court DENIES defendant's motion for summary judgment as to all other claims.

**IT IS SO ORDERED this 26th day of November, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE