## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABERCROMBIE & FITCH STORES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CIV-11-450-M |
| BROAN-NUTONE LLC, | ) ) ) |
| Defendant. | ) |

### ORDER

Before the Court is defendant's motion in limine regarding investigative documents related to the 2005 Consumer Product Safety Commission's ("CPSC") investigation. At the Pretrial Conference in this matter, the Court took this matter under advisement and directed the parties to submit additional briefing on this issue. On December 5, 2012, the parties filed their additional briefing. Upon review of the parties' submissions, as well as the arguments made during the Pretrial Conference, the Court makes its ruling.

Defendant moves to exclude certain investigative documents related to the 2005 CPSC investigation into the model 668RP exhaust fan/light at issue in this case.[1] The particular documents at issue include "Property Safety Assessment Reports" drafted by CPSC electrical engineers which set forth the CPSC's investigation of reports of fires purportedly caused by the identical model of fan as the fan that is the subject of this action. Defendant contends that these documents are inadmissible for the following reasons: relevance, undue prejudice, hearsay, foundation and

---

[1] At the Pretrial Conference, plaintiff identified the documents at issue as plaintiff's exhibits 78, 79, 80, 81, and 82. In its additional briefing plaintiff withdraws exhibits 79, 80, 81, and 82 and withdraws the pages bate-stamped Broan 687-694 and Broan 701-710 from exhibit 78.

authentication. Plaintiff asserts that these documents may properly be authenticated, should not be excluded by the rule against hearsay, are relevant, and are not unduly prejudicial.

Plaintiff asserts that the CPSC reports may be authenticated pursuant to Federal Rule of Evidence 901(b)(7). Rule 901 provides, in pertinent part:

> (a) In General.  To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.
>
> (b) Examples.  The following are examples only – not a complete list – of evidence that satisfies the requirement:
>
> \*          \*          \*
>
> (7) Evidence About Public Records.  Evidence that:
> (A) a document was recorded or filed in a public office as authorized by law; or
> (B) a purported public record or statement is from the office where items of this kind are kept.

Fed. R. Evid. 901(a),(b)(7). Plaintiff, however, has presented no evidence, and has not indicated that it intends to present any evidence, that the CPSC documents were recorded or filed in a public office as authorized by law or are from the office where items of this kind are kept. In fact, the documents at issue indicate that they are only drafts. The Court, therefore, finds that based upon the record currently before the Court, the CPSC documents are not authenticated pursuant to Rule 901(b)(7). Additionally, the Court finds that the CPSC documents do not qualify as self-authenticating under Federal Rule of Evidence 902. None of the documents are sealed and signed, certified by the CPSC or confirmed to have been filed as required by Rule 902(1),(2),(4) or (11). Accordingly, the Court finds that unless plaintiff provides additional evidence/foundation for these documents, the CPSC documents should be excluded based upon a failure to authenticate.

The parties also disagree as to whether the incidents set forth in the CPSC documents are substantially similar to the incident at issue in the case at bar to be relevant and admissible. Evidence regarding similar accidents involving the same product may be admissible "to establish notice, the existence of a defect, or to refute testimony given by a defense witness that a given product was designed without safety hazards." *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987).

> Generally, however, admission of evidence "regarding prior accidents or complaints is 'predicated upon a showing that the circumstances surrounding them were substantially similar to those involved in the present case.'" *Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1460 (10th Cir. 1987). *Accord Exum v. General Elec. Co.*, 819 F.2d 1158, 1162 (D.C. Cir. 1987); *Johnson*, 797 F.2d at 1534; *Brooks*, 786 F.2d at 1195.
> 
> In determining whether accidents are "substantially similar," the factors to be considered are those that relate to the particular theory underlying the case. Differences in the nature of the defect alleged may affect a determination whether the accidents are substantially similar. *See, e.g., Jackson*, 788 F.2d at 1083 ("The 'substantially similar' predicate for the proof of similar accidents is defined . . . by the defect . . . at issue."). Moreover, "[h]ow substantial the similarly must be is in part a function of the proponent's theory of proof." *Exum*, 819 F.2d at 1162. "If dangerousness is the issue, a high degree of similarity will be essential. . . . If the accident is offered to prove notice, a lack of exact similarity of conditions will not cause exclusion provided the accident was of a kind which should have served to warn the defendant." *Id.* at 1162-63, *quoting* 1 J. Weinstein & M. Berger, *Weinstein's Evidence* § 401[10], at 401-66-67 (1987). When evidence of other accidents is used to prove notice or awareness of a dangerous condition, the rule requiring substantial similarity of those accidents to the one at issue should be relaxed. *Jackson*, 788 F.2d at 1083. Once a court has determined that accidents are substantially similar, "[a]ny differences in the circumstances surrounding those occurrences go merely to the weight to be given the evidence." *Id.*

*Id.*

Having carefully reviewed the CPSC documents, the Court finds that only one of the incidents set forth in the CPSC documents is substantially similar to the fire at issue in the case at bar. The incident set forth on pages Broan 679-682 occurred in January 1998. The model 668RP began production sometime in mid-1998. *See* Affidavit of Eliot Duncan at ¶ 8, attached as Exhibit 5 to defendant's Motion for Summary Judgment [docket no. 66-5]. Therefore, the Court finds that without any evidence to the contrary, the incident set forth on pages Broan 679-682 could not have involved the model 668RP exhaust fan/light. That incident, thus, is not substantially similar and should not be admitted. In the incident set forth on pages Broan 683-686, the motor showed no signs of overheating, and it was concluded that there was just scant evidence for fire of mechanical origin. In the case at bar, plaintiff alleges the motor in the fan overheated. Because the incident on pages Broan 683-686 does not involve a motor overheating, the Court finds that it is not substantially similar and should not be admitted. The incident set forth on pages Broan 696-697 does involve a motor overheating. The Court, therefore, finds that this incident is substantially similar. Finally, in the incident set forth on pages Broan 698-700, the analysis showed that the motor was not the source of overheating. Because the incident on pages Broan 698-700 does not involve a motor overheating, the Court finds that it is not substantially similar and should not be admitted.

Finally, regarding the incident report set forth on pages Broan 696-697, the Court finds that this report falls within the exception to the rule against hearsay set forth in Federal Rule of Evidence 803(8). The Court further finds that the probative value of the incident report set forth on pages Broan 696-697 is not substantially outweighed by a danger of unfair prejudice. Accordingly, the

Court finds that if plaintiff is able to produce sufficient evidence to authenticate this report, the incident report set forth on pages Broan 696-697 should not be excluded.

The Court, therefore, denies defendant's motion in limine as to the incident report set forth on pages Broan 696-697, provided plaintiff is able to produce sufficient evidence to authenticate this report, and grants the remainder of defendant's motion in limine.

**IT IS SO ORDERED this 7th day of December, 2012.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE